UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EUGENE DARREL RUTLEDGE, F79385,<br><br>Petitioner,<br><br>v.<br><br>PATRICK COVELLO, Warden,[1]<br><br>Respondent. | Case No. 22-cv-05563-CRB (PR)<br><br>**ORDER DISMISSING PETITION FOR A WRIT OF HABEAS CORPUS AND DENYING A CERTIFICATE OF APPEALABILITY**<br><br>(ECF Nos. 5 & 6) |

Petitioner, a state prisoner currently incarcerated at Mule Creek State Prison (MCSP), has filed a pro se petition for a writ of habeas corpus under 28 U.S.C. § 2254 challenging (1) the state courts' 2022 denial of his motion for modification of a 2007 sentence from Alameda County Superior Court and (2) prison officials' 2021 refusal to consider recommending to his sentencing court that his sentence be recalled and that he be resentenced. Petitioner also seeks leave to proceed in forma pauperis (IFP) under 28 U.S.C. § 1915 and appointment of counsel under 18 U.S.C. § 3006A(a)(2)(B).

## BACKGROUND

In 2007, petitioner was convicted of multiple counts of second-degree robbery following a jury trial in Alameda County Superior Court. In a bifurcated proceeding, the jury also found true the sentence enhancement allegation that petitioner was previously convicted of a serious felony conviction under California's Three-Strikes Law, to wit, federal unarmed bank robbery. Petitioner was sentenced to 20 years and four months in state prison.

In 2008, the California Court of Appeal affirmed the judgment of the trial court and the Supreme Court of California denied review.

In 2011, this court denied on the merits petitioner's application for a writ of habeas corpus under 28 U.S.C. § 2254 and in 2012 the Ninth Circuit denied a certificate of appealability.

---

[1] Patrick Covello, warden of Mule Creek State Prison, where petitioner currently is incarcerated, is substituted in for Luis Martinez, warden of the Correctional Training Facility, where petitioner previously was incarcerated.

In 2016, petitioner filed a motion to modify his sentence in Alameda County Superior Court, arguing that the record of his prior federal conviction did not establish that it was a serious felony under California law. The superior found that the record properly established his prior conviction was a serious felony under California and denied the motion. In 2018, the California Court of Appeal affirmed the superior court by finding that petitioner's federal indictment makes clear that he pleaded guilty to a bank robbery involving the use of force, violence and intimidation and that the prior conviction therefore qualifies as a serious felony under California law, and the Supreme Court of California denied review.

In 2022, petitioner again filed a motion to modify his sentence in Alameda County Superior Court, again arguing that the record of his prior federal conviction does not establish that it was a serious felony under California law and that his sentence therefore is unlawful. The superior court again denied the motion and reaffirmed that petitioner's sentence is lawful and warrants no modification or correction. The California Court of Appeal dismissed petitioner's appeal and the Supreme Court of California denied review.

## DISCUSSION

A. <u>Standard of Review</u>

This court may entertain a petition for a writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). It shall "award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto." <u>Id.</u> § 2243. The petition accordingly may be dismissed if it plainly appears from the face of the petition and any exhibits attached to it that the petitioner is not entitled to relief. <u>Hendricks v. Vasquez</u>, 908 F.2d 490, 491 (9th Cir. 1990).

B. <u>Claims</u>

Petitioner first claims that the state courts violated his due process rights by failing to provide a "full and fair review" of the merits of his 2022 motion for modification of erroneous sentence and by failing to follow "state supreme court" precedent. ECF No. 1 (Pet.) at 8. The claim is without merit.

It is well established that "it is only noncompliance with <u>federal</u> law that renders a State's criminal judgment susceptible to collateral attack in the federal courts." <u>Wilson v. Corcoran</u>, 562 U.S. 1, 5 (2010) (emphasis in original). Federal habeas relief is unavailable for violations of state law or for alleged error in the interpretation or application of state law. See <u>Swarthout v. Cooke</u>, 562 U.S. 216, 219 (2011); <u>Estelle v. McGuire</u>, 502 U.S. 62, 67-68 (1991).[2] And it is unavailable merely because "something in the state proceedings was contrary to general notions of fairness or violated some federal procedural right unless the Constitution or other federal law specifically protects against the alleged unfairness or guarantees the procedural right in state court." <u>Middleton v. Cupp</u>, 768 F.2d 1083, 1085 (9th Cir. 1985). In fact, "a petition alleging errors in the state post-conviction review process is not addressable through [federal] habeas corpus proceedings." <u>Franzen v. Brinkman</u>, 877 F.2d 26, 26 (9th Cir. 1989).

Here, the record makes clear that the California courts fully and fairly reviewed and considered petitioner's first motion for modification of sentence he filed in Alameda County Superior Court in 2016. The California Court of Appeal rejected petitioner's claim that the record did not establish that his prior conviction was a serious felony under California law in a reasoned opinion. The court wrote:

> "Penal Code section 1192.7, subdivision (c) sets forth the categories of convictions California deems to be for serious felonies. Though there is no California convictable offense of bank robbery, Penal Code section 1192.7, subdivision (c) lists a crime of this name as a serious felony, a prior conviction for which may enhance the sentence for a subsequent offense. (*Id*., subd. (c)(19).) For this purpose, Penal Code section 1192.7 defines ' "bank robbery" ' as 'to take or attempt to take, by force or violence, or by intimidation from the person or presence of another any property or money or any other thing of value belonging to, or in the care, custody, control, management, or possession of, any bank, credit union, or any savings and loan association.' (*Id*., subd. (d).)" (*People v. Miles* (2008) 43 Cal.4th 1074, 1081 (*Miles*).)
>
> Appellant was convicted of violating a federal bank robbery statute which provides, in relevant part: "Whoever, by force and violence, or by intimidation, takes, or attempts to take, from the person or presence of another, . . . any property or money or any other thing of value belonging to, or in the care, custody, control, management, or

---

[2] See, e.g., <u>Little v. Crawford</u>, 449 F.3d 1075, 1082 (9th Cir. 2006) (claim that state supreme court misapplied state law or departed from its earlier decisions does not provide ground for federal habeas relief).

possession of, any bank . . . ; or [¶] Whoever enters or attempts to enter any bank . . . with intent to commit in such bank . . . any felony affecting such bank . . . and in violation of any statute of the United States, or any larceny-- [¶] Shall be fined under this title or imprisoned not more than twenty years, or both." (§ 2113(a).) "The California serious felony of bank robbery substantially coincides with the offense described in the *first* paragraph of section 2113(a) . . . . However, there is no California serious felony that corresponds to the crime described in the *second* paragraph of section 2113(a). Thus, evidence that the defendant suffered a previous conviction under section 2113(a), standing alone, cannot establish that the conviction was for a serious felony under California law." (*Miles*, *supra*, 43 Cal.4th at pp. 1081–1082, fns. omitted.) Appellant contends the record does not show he used force, violence, or intimidation, as required to demonstrate he was convicted under the first paragraph of section 2113(a), rather than the second.

" 'The Sixth Amendment contemplates that a jury—not a sentencing court—will find' the facts giving rise to a conviction, when those facts lead to the imposition of additional punishment under a recidivist sentencing scheme.' " (*People v. Gallardo* (2017) 4 Cal.5th 120, 134 (*Gallardo*).) "Where, as here, the mere fact of conviction under a particular statute does not prove the offense was a serious felony, otherwise admissible evidence from the entire record of the conviction may be examined to resolve the issue. [Citations.] This rule applies equally to California convictions and to those from foreign jurisdictions." (*Miles*, *supra*, 43 Cal.4th at p. 1082.)

In *Gallardo*, our Supreme Court recently considered "the limits of a judge's authority to make the findings necessary to characterize a prior conviction as a serious felony." (*Gallardo*, *supra*, 4 Cal.5th at p. 124.) *Gallardo* held: "While a sentencing court is permitted to identify those facts that were already necessarily found by a prior jury in rendering a guilty verdict or admitted by the defendant in entering a guilty plea, the court may not rely on its own independent review of record evidence to determine what conduct 'realistically' led to the defendant's conviction." (*Ibid.*) "The jury trial right is violated when a court adds extra punishment based on factfinding that goes 'beyond merely identifying a prior conviction' by 'tr[ying] to discern what a trial showed, or a plea proceeding revealed, about the defendant's underlying conduct.' " (*Id.* at p. 135.) "The court's role is, rather, limited to identifying those facts that were established by virtue of the conviction itself—that is, facts the jury was necessarily required to find to render a guilty verdict, or that the defendant admitted as the factual basis for a guilty plea." (*Id.* at p. 136, fn. omitted.) Thus, *Gallardo* concluded, the trial court in that case erred in relying on the preliminary hearing transcript to determine the nature of the prior conviction because "[n]othing in the record shows that defendant adopted the preliminary hearing testimony as supplying the factual basis for her guilty plea." (*Ibid.*)

The records of appellant's federal conviction show there was no written plea agreement. At the plea hearing, appellant admitted the prosecutor's stated factual basis that, in relevant part, he "handed the teller a note demanding money" and subsequently "took $807 . . . ."

4

Appellant argues this factual basis does not establish he used force, violence, or intimidation, and the People do not contend otherwise.

However, as the People argue, the federal indictment alleged that appellant "*by force, violence and intimidation* did take from the person and presence of an employee of California Federal Bank, located at 1325 Broadway, in Oakland, approximately $807.00 in money belonging to and in the care, custody, control, management, and possession of the aforesaid bank, the deposits of which were then insured by the Federal Deposit Insurance Corporation; in violation of . . . [s]ection 2113(a)." (Italics added.) Appellant pled guilty to the charge in the indictment.

In *Gallardo*, our Supreme Court recognized that " 'indictments and jury instructions' " may be relied on "to identify the precise statutory basis for a prior conviction" because such documents—unlike a preliminary hearing transcript—"might help identify what facts a jury necessarily found in the prior proceeding." (*Gallardo*, *supra*, 4 Cal.5th at p. 137.) United States Supreme Court cases confirm that courts may rely on indictments to determine the nature of a prior conviction. "A prosecutor charging a violation of a divisible statute must generally select the relevant element from its list of alternatives," and thus "[a] later sentencing court need only check the charging documents and instructions . . . to determine whether in convicting a defendant under that divisible statute, the jury necessarily found that he committed [a qualifying crime]." (*Descamps v. United States* (2013) 570 U.S. 254, 272.) In prior convictions involving guilty pleas, "a charging document that narrows the charge" reveals "whether the plea had 'necessarily' rested on" the relevant facts. (*Shepard v. United States* (2005) 544 U.S. 13, 21, 25.)

*United States v. Castleman* (2014) 134 S. Ct. 1405 (*Castleman*) is on point. In *Castleman*, the United States Supreme Court considered whether a prior state conviction involved the use of physical force, as required for the application of a federal statute. (*Id*. at pp. 1409–1410.) The court concluded the state statute set forth three types of violations and that some, but not all, of these types involved the use of physical force. (*Id*. at pp. 1413–1414.) The high court "consult[ed] the indictment to which Castleman pleaded guilty in order to determine whether his conviction did entail the elements necessary [for purposes of the federal statute]. Here, that analysis is straightforward: Castleman pleaded guilty to having 'intentionally or knowingly cause[d] bodily injury' to the mother of his child, and the knowing or intentional causation of bodily injury necessarily involves the use of physical force." (*Id*. at p. 1414, record citation omitted.) The court concluded: "Because Castleman's indictment makes clear that the use of physical force was an element of his conviction, that conviction qualifies [for purposes of the federal statute]." (*Id*. at p. 1415.)

As in Castleman, appellant's indictment makes clear that he pleaded guilty to a bank robbery involving the use of "force, violence and intimidation." This conviction thus qualifies as a serious felony under California law. (Pen. Code, § 1192.7, subds. (c)(19), (d); *Miles*, *supra*, 43 Cal.4th at pp. 1081–1082.)

5

> To the extent appellant argues that in 2007 neither the trial court nor the jury determined whether his federal conviction constituted a serious felony under California law, we reject the challenge. In the 2007 proceedings, the trial court found appellant was the person identified in the federal records and the jury found he suffered the prior conviction. (See *Gallardo*, *supra*, 4 Cal.5th at p. 125 ["A defendant does . . . have a statutory right to a jury trial on 'the question of whether or not the defendant has suffered the prior conviction'— though not 'whether the defendant is the person who has suffered the prior conviction.' "]; see also Pen. Code, § 1025, subds. (b) & (c).) "[D]eterminations about the nature of prior convictions [to determine whether, for example, they constitute serious felonies under California law] are to be made by the court, rather than a jury, based on the record of conviction." (*Gallardo*, at p. 138.) By sentencing appellant on the prior conviction, the trial court in 2007 impliedly found the federal conviction was a serious felony under California law; appellant does not argue such a finding must be express.

People v. Rutledge, No. A150542, slip op. at 2-6 (Cal. Ct. App. May 17, 2018) (ECF No. 1-1 at 50-54).

      The California Court of Appeal's rejection of petitioner's claim that the record did not establish that his prior conviction was a serious felony under California law, and that in 2007 neither the trial court nor the jury determined whether his prior federal conviction constituted a serious felony under California law, cannot be said to have been contrary to, or an unreasonable application of, clearly established Supreme Court precedent, or based on an unreasonable determination of the facts. See 28 U.S.C. § 2254(d). The state court's on-point application of Castleman to petitioner's case was reasonable and makes clear that petitioner is not entitled to federal habeas relief on this claim. See Williams (Terry) v. Taylor, 529 U.S. 362, 402-04, 409 (2000). That the state courts did not elect to entertain petitioner's claim again in 2022 does not compel a different conclusion. Petitioner is not entitled to federal habeas relief on his claim that the state courts violated his due process rights by failing to provide a full and fair review of his 2022 motion for modification of erroneous sentence and follow state supreme court precedent.

      Petitioner also seeks federal habeas relief on his claim that prison officials' 2021 refusal to consider recommending to the sentencing court that his sentence be recalled and that he be resentenced "on the basis of change in law" under section 3076.1(d) of title 15 of the California Code of Regulations violated his "due process and equal protection" rights. ECF No. 1 at 10. But the claim is not cognizable in federal habeas corpus because even if petitioner was successful on his claim – and prison officials would consider a recommendation to the sentencing court for

6

recall and resentencing based on a change in sentencing law – petitioner would not necessarily be released from prisoner any sooner.

Federal law opens two main avenues to relief on claims related to imprisonment: a petition for a writ of habeas corpus under 28 U.S.C. § 2254, and a complaint for violation of federal civil rights under 42 U.S.C. § 1983. Hill v. McDonough, 547 U.S. 573, 579 (2006). Habeas is the "exclusive remedy" for the prisoner who seeks "immediate or speedier release from confinement." Skinner v. Switzer, 562 U.S. 521, 525 (201 1) (citation and internal quotation marks omitted). Where the prisoner's claim "would not necessarily spell speedier release, however, suit may be brought under § 1983." Id. (citation and internal quotation marks omitted). In fact, a § 1983 action is the exclusive remedy for claims by state prisoners that do not "lie at the 'core of habeas corpus.'" Nettles v. Grounds, 830 F.3d 922, 931 (9th Cir. 2016) (en banc) (quoting Preiser v. Rodriguez, 411 U.S. 475, 487 (1973)).

Here, success on petitioner's claim would result in petitioner receiving consideration by prison officials for a recommendation to the sentencing court for recall and resentencing based on a change in sentencing law, but it would not necessarily result in petitioner's immediate or speedier release from prison. Much more would have to occur for petitioner to be released from prison any sooner. First, prison officials would have to find petitioner eligible for a recall and resentencing recommendation, which is unlikely because § 3076.1(d) excludes from eligibility determinately sentenced prisoners who, like petitioner, "are eligible for parole consideration within the next 18 months or have already been afforded parole consideration." Cal. Code Regs. tit. 15, § 3071.1(d)(2)(D).[3] Second, petitioner's circumstances would have to merit an actual recommendation by the California Department of Corrections and Rehabilitation (CDCR) Secretary to the sentencing court and, under "the broad discretion vested in the Secretary by statute, namely subdivision (d) of Section 1170 of the Penal Code, the Secretary's decision is final and not subject to administrative review." Id. § 3076.1(e)(4). Finally, the sentencing court would then review petitioner's case to decide whether his sentence merited recall, considering a multitude of factors. And whether to recall and resentence a defendant lies solely within the

---

[3] Petitioner is eligible for parole on April 2023.

7

sentencing court's discretion.  See Cal. Penal Code, § 1170(d)(1) (listing postconviction factors court may consider including, but not limited to, disciplinary record, rehabilitation record, evidence reflecting whether age, time served, and diminished physical condition, if any, have reduced prisoner's risk for future violence, and evidence reflecting circumstances have changed since prisoner's original sentencing).

Petitioner's claim that that prison officials improperly refused to consider a recommendation to the sentencing court for recall and resentencing based on a change in sentencing law does not fall within the core of habeas corpus because success on the claim would not necessarily result in petitioner's immediate or earlier release from custody.  See Nettles, 830 F.3d at 934.  Petitioner's claim "must be brought, if at all, under § 1983." Id. at 934 (citations and internal quotation marks omitted).  Accord Travers v. California, No. 3:17-cv-06126-SI, 2018 WL 707546, at *8 (N.D. Cal. Feb. 5, 2018) (concluding that claim of improper exclusion from parole consideration under Proposition 57 falls outside core of habeas corpus and must be brought in civil rights action under § 1983, if it may be brought in federal court at all).[4]

## CONCLUSION

For the foregoing reasons, the petition for a writ of habeas corpus is DISMISSED.  And pursuant to Rule 11 of the Rules Governing Section 2254 Cases, a certificate of appealability (COA) under 28 U.S.C. § 2253(c) is DENIED because it cannot be said that "reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." Slack v. McDaniel, 529 U.S. 473, 484 (2000).

But based on petitioner's affidavit of poverty, his motion for leave to proceed IFP (ECF No. 5) is GRANTED and his motion for appointment of counsel (ECF No. 6) is DENIED as moot and for lack of merit.

**IT IS SO ORDERED**.

Dated: February 3, 2023

CHARLES R. BREYER
United States District Judge

---

[4] A district court may construe a habeas petition as a civil rights complaint under § 1983 if the petition is amenable to conversion on its face, meaning that it names the correct defendants and seeks the correct relief, and the court notifies and obtains informed consent from the prisoner. See Nettles, 830 F.3d at 935-36.  This is not such a case.